PER CURIAM:
Claimant brought this action for vehicle damage which occurred when his 2000 Subaru Legacy struck a hole while claimant’s wife, Evelyn Hansen, was driving on W.Va. Route 7 in Sabraton, Monongalia County. W.Va. Route 7 is a road maintained by respondent. The Court is of the opinion to make an award for the reasons more fully stated below.
The incident giving rise to this claim occurred between 6:00 p.m. and 6:30 p.m. on February 29, 2008. W.Va. Route 7 is a three-lane, paved road. At the time of the incident, claimant was traveling from Westover towards Wendy’ s Restaurant in Sabraton on W.Va. Route 7. Ms. Hansen was driving at approximately twenty-five miles per hour *168 when her vehicle struck a hole near the location where the Food Lion grocery store was once located. The hole occupied from the center portion of the road to the area near the white edge line. Since it was dark and raining, she was unable to see the hole before the vehicle struck it. Her children, who were seated in the back seat of the vehicle, were startled by the impact from underneath the vehicle. Ms. Hansen stated that she could hear a noise coming from underneath of the vehicle, but she was able to drive the vehicle home. She had driven on this road approximately two weeks prior to the incident, and did not notice the hole at that time. As a result of this incident, claimant seeks damages for the replacement of the vehicle’s Y-pipe, the needed gaskets and bolts, and an alignment all in the amount of $546.71. Claimant’s insurance deductible is $1,000.00.
The position of the respondent is that it did not have actual or constructive notice of the condition on W.Va. Route 7. Kathy Westbrook, Highway Administrator for respondent in Monongalia County, testified that W.Va. Route 7 is a first priority road in terms of its maintenance. Since the cold mix was below specifications and would not adhere to the road surface, respondent had to patch holes on this road almost daily due to the freezing and thawing during February.
The well-established principle of law in West Virginia is that the State is neither an insurer nor a guarantor of the safety of travelers upon its roads. Adkins v. Sims, 130 W.Va. 645, 46 S.E.2d 81 (1947). In order to hold respondent liable for road defects of this type, a claimant must prove that respondent had actual or constructive notice of the defect and a reasonable time to take corrective action. Chapman v. Dep’t of Highways, 16 Ct. Cl. 103 (1986).
In the instant case, the Court is of the opinion that respondent had, at the least, constructive notice of the hole which claimant’s vehicle struck and that the hole presented a hazard to the traveling public. The size of the hole leads the Court to conclude that respondent had notice of this hazardous condition. Since the cold mix was below specifications and proved inadequate, the Court finds the respondent negligent and claimant may make a recovery for the damage to his vehicle.
In accordance with the findings of fact and conclusions of law stated herein above, the Court is of the opinion to and does make an award to the claimant in the amount of $546.71.
Award of $546.71.